Dear Mr. Ponder:
Your opinion request regarding "whether a local government is limited to the fifteen day maximum for military leave with pay and benefits set forth in LA R.S. 42:394", has been received and forwarded to me for response.
In your request, you refer to Attorney General Opinion 90-668, which concluded that remedial legislation would be required, in order to pay public officers and employees (as defined below in 42:394), once the fifteen days of military leave provided for in LSA R.S. 42:394 is exhausted. You point out that LSA R.S. 29:405 was enacted in 1995 as part of the Military Service Relief Act (LSA R.S. 29:401 et seq.), and seek clarification as to whether LA-R.S. 29:405 supercedes R.S. 42:394
and authorizes military leave with pay and benefits for a longer period than fifteen days.
As discussed in Attorney General Opinion No. 90-668, the Preamble to the Louisiana Constitution recognizes one of the core precepts of the Constitution is to "provide for the common defense." The requirement, to provide for the common defense, as interpreted in Opinion No. 90-668, entails the following:
 "`Common defense', since it is unlikely that Louisiana will ever be militarily attacked and not the United States as well, is interpreted by the Attorney General to recognize a legal obligation by the State of Louisiana to assist and support in the defense of the United States as a whole in times of war or imminent military hostilities threatening either American sovereignty or military forces. This implicit constitutional mandate ratifies and strengthens the legislative power to ordain the employment status and rights of public officers and employees called to active military service by the federal government for the `common defense.'"
Thus, this office has previously recognized and continues to recognize, the authority of the Legislature to act in this regard.
The Legislature has granted a right to fifteen days of paid military leave for those officers or enlisted men (or women) serving in the National Guard, Citizens Military Training Corps, Civil Air Patrol, or as a reservist in the Army, Navy, Air Force, or Marines. LSA R.S. 42:394. The accompanying notes to R.S. 42:394 indicate that it was originally enacted in1938; and amended in 1977 and 1978.
LSA-R.S. 42:394 provides:
 All officers and employees of the state, or of any parish, city, town, political subdivision, unit, or any state institution thereof, who are members of the Officers' Reserve Corps of the Army of the United States, the National Guard of the United States, the Naval Reserve Corps, the Marine Corps Reserve, the Air Force Reserve, the Citizens Military Training Corps, or the Civil Air Patrol, either as officers or enlisted men, are entitled to leave of absence from their respective duties, without loss of pay, time, annual leave, or efficiency rating, on all days during which they are ordered to duty with troops or at field exercises, or for instruction, for periods not to exceed fifteen days in any one calendar year; and when relieved from duty, they are to be restored to the positions held by them when ordered to duty.
The Legislature has also enacted a comprehensive set of statutes entitled the "Military Service Relief Act" found at LSA R.S. 29:401
et. seq. The purpose of the Military Service Relief Act is instructive because of its broad language making clear the Legislature's intent to provide for and strengthen the national security by enacting statutory protections for those called to serve their country in the armed forces.
LSA-R.S. 29:402 (Purpose) provides:
 A. In order to provide for, strengthen, and expedite the national security under emergent conditions which threaten the peace and security of the United States and to enable those citizens of this state who perform service in the uniformed services to more successfully devote their entire energy to the security needs of the nation and state, provision is hereby made to provide reemployment rights and other benefits for persons who perform service in the uniformed services of the United States. It is herein declared to be the policy of the state of Louisiana that its citizens who serve their country and state and who leave their employment, homes, and education shall not be penalized nor economically disadvantaged because of their uniformed service.
 B. The provisions of this Part shall be liberally construed for the benefit of those called to serve their country in the armed forces. The purpose of this Part is to prevent veterans from being disadvantaged and to prohibit discrimination against persons because of their uniformed service when they return to civilian life. It is the sense of the legislature that the state of Louisiana should be a model employer in carrying out the provisions of this Part.
 C. The provisions of this Part are intended to be supplemental to any rights that persons called to military service have under any applicable federal statutes, particularly, the Soldiers' and Sailors' Civil Relief Act of 1940, as amended, 50 U.S.C. § 501
et seq. and the Uniformed Services Employment and Reemployment Rights Act, 43 U.S.C. § 4301 et seq., and under any other applicable laws of this state.
 D. Nothing in this Part shall supersede, nullify, or diminish any federal or state law (including any local law or ordinance), contract, agreement, policy, plan, practice, or other matter that establishes a right or benefit that is more beneficial to, or is in addition to a right or benefit provided for such person in this Part.
 E. This Part supersedes any local law or ordinance, contract, agreement, policy, plan, practice, or other matter that reduces, limits, or eliminates in any manner any right or benefit provided by this Part, including the establishment of additional prerequisites to the exercises of any such right or the receipt of any such benefit.
One of the components of the Military Service Relief Act is a grant of authority to public or private employers, allowing those employers to continue to pay full compensation and benefits to any employee who leaves employment to perform service in the uniformed services.
LSA R.S. 29:405 (as amended in the 2001 Second Extraordinary Session) provides:
 A. (1) Except as provided for in Paragraph (2) of this Subsection, any private or public employer in this state is hereby authorized to pay compensation to any employee who leaves employment to perform service in the uniformed services. If the employer elects to pay the compensation, it shall be paid on a uniform basis to all such employees of that employer.
 (2) Notwithstanding the provision of any other law to the contrary, the payment of state supplemental pay or extra compensation paid by the state to any peace officer as defined in R.S. 40:2402(1) and provided for in R.S. 33:2218.2 and 2218.8 and R.S. 40:1457 and 2405 and to any firefighter as provided for in R.S. 33:2002, shall be continued to be paid to each employee and shall not be suspended or terminated during the period of time that the peace officer or firefighter is on active duty service in the uniformed services of the United States pursuant to a declaration of war, national emergency, or call of the governor as provided by law.
 B. The payment of compensation subsequent to the employee's release from service in the uniformed services and upon reemployment with his former employer shall be governed by the provisions of R.S. 29:410.
 C. The payment of compensation and benefits to elected officials shall be paid in accordance with the provisions of La. Const. Art. VI, § 12 and La. Const. Art. X, § 23.
You inquire whether R.S. 29:405 supercedes R.S. 42:394 and authorizes military leave with pay and benefits for a longer period than fifteen days. R.S. 29:405 most certainly does authorize a public or private employer to pay compensation and benefits for a period longer than fifteen days. The question is, however, whether R.S. 29:405 supercedes R.S. 42:394. For the following reasons, we believe that R.S. 29:405 does supercede R.S. 42:394 only to the extent that R.S. 29:405 authorizes a public or private employer to pay greater than fifteen paid days of military leave.
Laws on the same subject matter must interpreted in reference to each other. LSA-C.C. Art. 13. Laws are repealed, either entirely or partially, by other laws. A repeal may be express or implied. It is express when it is literally declared by a subsequent law. It is implied when the new law contains provisions that are contrary to, or irreconcilable with, those of the former law. LSA C.C. Art. 8. As R.S. 29:405 does not expressly repeal R.S. 42:394, we must examine whether R.S. 29:405 contains provisions that are contrary to, or irreconcilable with, R.S. 42:394.
Before examining these two statutes, it must be noted that the Military Service Relief Act is "intended by the Legislature to be supplemental to any rights that persons called to military service have under any applicable federal statutes and under any other applicable laws of this state." LSA R.S. 29:402(C). Also, R.S. 29:402(D) states: "Nothing in this Part shall supersede, nullify, or diminish any federal or state law that establishes a right or benefit that is more beneficial to, or is in addition to a right or benefit provided for such person in this Part." So, we start our analysis with the knowledge that the Legislature expressly enacted the Military Service Relief Act with the intent to supplement, and not diminish, any existing law.
R.S. 29:405 supplements R.S. 42:394. For many years, R.S. 42:394 has allowed public officers and employees fifteen days of paid military leave. R.S. 29:405, by its terms, is intended to supplement those fifteen days by granting authority to a public, or private, employer to pay any number of military leave days. For public officers or employees who already receive fifteen days of paid military leave, R.S. 29:405
allows their public employer to pay more than the fifteen days already allowed. For the private employer, R.S. 29:405 acts as an encouragement to provide compensation to his private employees when they are called to service in the uniformed services. As further encouragement to allemployers, the Louisiana Legislature passed S.C.R. 10 and H.C.R. 6 in the 2001 Second Extraordinary Session, requesting all employers continue to pay compensation and benefits to those military personnel called to active duty.
R.S. 29:405 is not intended to diminish R.S. 42:394. They have different purposes. R.S. 29:405 is a grant of authority to public or private employers to pay any number of military leave days provided the employer makes the grant on a uniform basis; whereas R.S. 42:394
establishes a right, in favor of the public officer or employee, to fifteen days of paid military leave every calendar year. R.S. 29:405
allows, but does not require, a public employer to grant more than fifteen days of paid military leave.
The two statutes operate independently of each other. Title 29 applies to "Military, Naval, and Veterans' Affairs." Title 42 applies to "Public Officers and Employees." R.S. 29:405 is one component statute of the Military Service Relief Act. 42:394 (originally enacted in 1938) is self-operative in that it contains all the authority necessary for a public officer or employee to demand, and a public employer to pay fifteen days of military leave per calendar year.
To the extent that R.S. 42:394 limits a public employer from paying more than fifteen days of military leave, it is superceded by R.S. 29:405. Therefore, it is the opinion of this office that there is a conflict between R.S. 29:405 and R.S. 42:394. However, because the Military Service Relief Act is expressly intended by the Legislature to be supplemental to, and not diminish, existing rights of persons called to military service, it is essentially a conflict without a consequence. Public employees still retain the statutory right to fifteen days of paid military leave every calendar year. The only difference effected by R.S. 29:405(A) for a public employer is the additional authority granted to the public employer who determines to pay military leave in addition to the fifteen days required by R.S. 42:394.
I trust this opinion has sufficiently addressed your concerns. Please do not hesitate to call if the Attorney General's Office can provide you with further assistance or information.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: THOMAS L. ENRIGHT, JR. Assistant Attorney General
RPI/TLE:dsc
OPINION NUMBER 90-668
March 14, 1991
64-B — MILITARY DEPARTMENT LSA-R.S. 42:394
Present law limits military leave with pay to 15 days; remedial legislation may constitutionally authorized extended military leave in time of war and mobilization of reserve units for extended active duty.